**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

ROBERT D. TREADWAY                                    PLAINTIFF

VERSUS                         CIVIL ACTION NO. 5:06cv20-DCB-JMR

RIVER REGION MEDICAL CORPORATION
A/K/A RIVER REGION HEALTH SYSTEMS
D/B/A RIVER REGION MEDICAL CENTER,
JOHN T. MAZZEO, M.D., and JANE &
JOHN DOES 1-20                                        DEFENDANTS

<u>**ORDER**</u>

This matter comes before the Court on the defendants' Motion to Dismiss [**docket entry no. 17**]. Having reviewed the Motion, brief, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

<u>**FACTUAL AND PROCEDURAL HISTORY**</u>

On February 13, 2006, Robert D. Treadway initiated this medical malpractice suit against River Region Medical Corporation and John T. Mazzeo in the United States District Court for the Southern District of Mississippi, Western Division.  On June 8, 2006, the plaintiff moved for an additional thirty days to serve the defendants [docket entry no. 2].  The plaintiff's stated reason for seeking additional time was that he intended to file an amended complaint; therefore, he needed the additional time to effect service of process on the defendants.  That same day, Treadway filed an amended complaint [docket entry no. 3].  On June 9, 2006,

Magistrate Judge John M. Roper issued a Text Order granting the plaintiff's Motion for Extension of Time.  Judge Roper further ordered the plaintiff to serve the defendants on or before July 10, 2006. (Text Order, June 9, 2006.)  River Region was served on July 7, 2006, and John T. Mazzeo was served on July 10, 2006.

The defendants then timely filed their separate answers to the complaints.  Both answers affirmatively set out the defenses of Rule 12(b)(4), insufficiency of process, and Rule 12(b)(5), insufficiency of service of process.  On November 10, 2006, the defendants filed a joint Motion to Dismiss, wherein they argue that: (1) the action should be dismissed because the plaintiff failed to serve the defendants within 120 days of the initial filing, and (2) the process itself was deficient because, when served, the amended complaint was accompanied by the original complaint's summons rather than a newly issued summons.  (M. to Dismiss, 3.)

## DISCUSSION

### I.   FEDERAL RULE OF CIVIL PROCEDURE 4(m)

The defendants claim that this action should be dismissed because the plaintiff did not show good cause for his failure to serve the original complaint.  Moreover, the defendants argue that the Court erred when it granted the plaintiff thirty additional days to serve his amended complaint.  Specifically, the alleged error committed by the Court was that the Court failed to make a

finding of good cause when it extended the plaintiff's time for service.  (Mem. M. Dismiss, 4-5.)  Federal Rule of Civil Procedure 4(m) states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) requires a district court to extend the 120-day time period for service if the plaintiff shows good cause for his delay. Rule 4(m) does not, however, require the plaintiff to show good cause before the Court may grant an extension of time.  The Rule expressly provides that if service is not made on a defendant within 120 days, the Court may "direct that service be effected within a specified time."  As explained by the Fifth Circuit, "If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."  Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original).  Thus, even without making an express finding of good cause, the Court properly exercised its discretion when it granted the plaintiff additional time to serve his summons and complaint on the defendants.  Accordingly, the defendants' Motion to Dismiss for insufficient service of process is not well taken.  See Henderson v. United States, 517 U.S. 654, 663 (1996)

("The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days or within such additional time as the court may allow.").

## II.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(4)

The defendants also argue, "Plaintiff's amended complaint was accompanied by the original summons which renders the summons defective and warrants a dismissal under FRCP 12(b)(4)." (Mem. M. Dismiss, 6.)  Initially, the Court notes that the defendants do not allege that the summons lacked any of the information required by Rule 4.[1]

Since the amended complaint was filed before service of process was made on the defendants, a copy of the amended complaint accompanied the summons rather than the original (and superseded) complaint.  The summons used by the plaintiff, however, was the original summons.  The alleged error complained of is that the plaintiff's summons informed the defendants to answer the "complaint," rather than the "amended complaint."  Since the

---

[1]Federal Rule of Civil Procedure 4(a) states,

The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney . . . .  It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint.  The court may allow a summons to be amended.

-4-

defendants have not provided the Court with evidence showing that they were prejudiced by the alleged defect, the Court must conclude that the defendants were not harmed by the minor technical defect in the summons.[2]  Where a summons contains a technical defect, but that defect does not prejudice the defendant, the error is harmless and does not warrant dismissal.  4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE – CIVIL, § 1088 (3d ed. 2002) (containing citations).

### CONCLUSION

Since the plaintiff served the defendants within the time period expressly allowed by the Court, Rule 4(m) was not violated and the defendant's Rule 12(b)(5) motion must be denied.  Moreover, the defendant's Rule 12(b)(4) motion is without merit since the defendant was not prejudiced by the minor technical error contained in the summons.  Accordingly,

IT IS HEREBY ORDERED that the defendants' Motion to Dismiss [**docket entry no. 17**] is **DENIED.**

SO ORDERED, this the 5th day of January, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

---

[2]Both defendants filed their answers to the amended complaint within the applicable twenty–day time period.  The defendants do not allege that they were prejudiced in any way by the summons' defect.